CATHERINE PEABODY v. JONAS MARKS AND OTHERS.

The provision of the statute dispensing with security from administrators and executors, in appeals taken by them, does not extend to cases in which the matter in controversy concerns the administrator or executor individually.

The Act of February 5th, 1858, which provides that the plaintiff in error shall give bond for all costs, taken in connexion with the Act of 13th May, 1846, (Hart. Dig., 793, 794,) requires the execution of the bond within two years from the rendition of the judgment sought to be revised.

The filing of the petition, and the filing of the bond, need not be simultaneous; but the right to the writ of error can only be secured by the filing of *both*, before the expiration of two years after the rendition of the judgment.

ERROR from Cameron. Tried below before the Hon. M. P. Norton.

Catherine Peabody, the plaintiff in error, was appointed administratrix of the estate of her deceased husband, David Peabody, on the 15th day of February, 1856; and the County Court set apart to the use of said widow and the minor children of the deceased, the homestead, and certain other property exempt by law from forced sale, on the 1st day of March, 1856.

On the 4th day of September, 1857, said Catherine filed in that court her petition, showing that in consequence of a want of title thereto, she had been forced to pay of her own funds a large amount to the claimants thereof, to enable her to retain possession

of the same, and therefore prayed that the order setting it apart to her and the children be rescinded; that the property be returned to the estate as assets thereof, and that in lieu thereof a sufficiency of the property belonging to the estate be sold to raise for her and said children the full constitutional allowance for a homestead; for that, by reason of the want of title of the deceased or herself to the premises, the same did not constitute a homestead as known to the law. This application was opposed by Jonas Marks & Co., and other creditors of the estate.

On a hearing of the application, it appearing to the court that the homestead set apart as aforesaid was encumbered with a claim for the purchase money thereof, to the amount of three hundred dollars, and the widow having paid that amount in order to perfect the title, it was ordered and adjudged by the court, that the sum of three hundred dollars be appropriated out of the estate and allowed her, in addition to the homestead set apart as aforesaid, with interest thereon from the date of payment. From this order she appealed to the District Court.

On the 30th day of October, 1857, the cause was determined in the latter court, and the judgment of the County Court was affirmed. The petition for a writ of error was filed on the 14th day of March, 1859, by the plaintiff in error, describing herself therein as administratrix of the estate of David Peabody, deceased; and on the 5th day of January, 1860, she filed a bond for costs.

The defendants in error filed a motion to dismiss the writ of error, because the bond was not filed, and the writ of error was not granted in the court below before the expiration of two years from the rendition of the judgment complained of.

*Allen & Hale,* for the plaintiff in error.

*Ballinger & Jack,* for the defendants in error.—In 6 Tex. Rep., 250, and 18 Tex. Rep., 400, it was decided, that a writ of error might be prosecuted which would not be suspensive of execution without a bond for costs.

The Act of February 5th, 1858, provides that "no writ of

error to remove a cause from the District to the Supreme Court, shall in any case issue, unless the plaintiff in error give bond, with sufficient security, for all the costs which may accrue in the Supreme Court, and which may have accrued in the District Court."

The provision, that "no security shall be exacted of executors or administrators of deceased persons' estates in appeals taken in suing for such money or property, or in defending suits brought against such estates for money or property," (Oldham & White's Digest, Art. 532,) does not apply :—

1. Because this is not an "appeal," at all; nor *from a suit,* such as is contemplated by the statute. The statute will not be extended by construction. (Ledbetter, adm'r, v. Swing, 19 T., 242.)

2. The writ of error is by the widow, in her own right, for her personal benefit, claiming in hostility to the estate, and against its judgment creditors, and is not within the statute. (Battle v. Howard, 13 T., 348.)

3. The Act of February 5th, 1853, is explicit, admitting of no exception, that *in all cases* a bond for costs must be given to obtain a writ of error.

There can be no doubt that this was intended, as it expresses, to *all cases.*

The statute did not intend that the clerk of the Supreme Court should have cost bills for $10 or $15, against estates in almost every county in the State, to be paid "in due course of administration," and on which he could have no execution.

*Cummings,* also for the defendants in error.

BELL, J.—We are of opinion that the motion to dismiss the writ of error in this case must be sustained. The matter in controversy is one which concerns the plaintiff in error individually, and not in her representative capacity. The homestead rights, in relation to which the controversy arose, are accorded to her by the law, as the widow of the intestate, and not as the administratrix of his estate. She would have the same rights if she were not administratrix. The controversy being one which concerns

her individually, she is required to give bond for costs before she can obtain a writ of error, in like manner as other persons are required to enter into bond by the 13th section of the Act of February 5th, 1858. (See Battle v. Howard, 13th Tex., 345.) The Act of February 5th, 1858, provides that "no writ of error to remove a cause from the District to the Supreme Court shall in any case issue, unless the plaintiff in error give bond, with sufficient security, for all the costs which may accrue," &c. We think that this Act, taken in connection with the provisions of the Act of 13th May, 1846, in relation to writs of error, (Hart. Dig., Arts. 793, 794,) must be held to mean, that a party applying for a writ of error must execute the bond for costs, and put himself in a condition to demand the citation · in error, within two years from the rendition of the judgment sought to be revised. The filing of the petition for the writ of error, without the bond for costs, secures no right to the party, and devolves no duty upon the clerk. If the party applying for the writ should file his petition for the writ at one time, within two years from the rendition of the judgment, and at a subsequent time, also within two years from the rendition of the judgment, should file his bond for costs, he would undoubtedly be entitled to the writ. In other words, the filing of the petition, and the execution and filing of the bond, need not be simultaneous, provided both are done within two years from the rendition of the judgment. If the petition and the bond are filed within two years from the rendition of the judgment, the citation may be issued by the clerk after the two years have expired; because, before the expiration of the two years, the party has secured the right to the writ by filing his petition and executing the necessary bond.

But if the petition and bond are not filed within two years after the rendition of the judgment sought to be revised, the party does not entitle himself to the writ. The judgment sought to be revised in this case was rendered on the 30th of October, 1857, and the bond for costs was not filed until the 5th of January, 1860.

The motion to dismiss the writ of error is sustained. Ordered accordingly.

Dismissed.